## DIXON v. BERGIN.

No. 4111.   Decided September 2, 1924.   (228 Pac. 744.)

1. EXCEPTIONS, BILL OF—CERTIFICATION HELD SUFFICIENT. Where court certified that bill of exceptions contained "all the evidence and testimony of (plaintiff) * * * and others, the substance of other evidence adduced at the trial," and was also certified as "a true and correct bill of exceptions," *held* it was properly certified and not subject to motion to strike.

2. EXCEPTIONS, BILL OF—BILL HELD NOT SUBJECT TO MOTION TO STRIKE ON GROUND THAT IT DID NOT CONTAIN ALL EVIDENCE. Bill of exceptions which contained testimony of plaintiff in question and answer form and testimony of other witnesses in narrative form *held* not subject to motion to strike on ground that it did not contain all evidence.

3. MUNICIPAL CORPORATIONS—ORDINANCE REQUIRING BICYCLE RIDERS TO KEEP CLOSE TO RIGHT-HAND GUTTER HELD ADMISSIBLE. In bicycle rider's action for injuries from automobile, admission in evidence of ordinance requiring bicycle riders to keep close to right-hand gutter and allow more swiftly moving vehicles to pass to left, and instruction based thereon, *held* not erroneous or immaterial.

4. MUNICIPAL CORPORATIONS—MAY REGULATE TRAVEL ON STREET AND CLASSIFY VEHICLES. City authorities have right to regulate travel of vehicles in public streets, and for that purpose may classify vehicles, restricting classes to different parts of streets.[1]

5. MUNICIPAL CORPORATIONS—INSTRUCTION ON BICYCLE RIDER'S DUTY TO YIELD CENTER OF STREET TO AUTOMOBILES HELD NOT ERRONEOUS. In bicycle rider's action for injuries from automobile, instruction that no part of street was withdrawn from public use, but that nevertheless automobiles had preferential right to passage over that part of street near car tracks to which persons riding bicycles must yield, held not prejudicial.

6. TRIAL—DENIAL OF REQUESTED CHARGE COVERED BY OTHERS GIVEN NOT ERROR. Denial of requested charge covered by others given not error.

7. TRIAL—DENIAL OF REQUESTED CHARGE COVERED BY ANOTHER GIVEN, USING DIFFERENT PHRASEOLOGY, HELD NOT ERROR. Denial of requested charge held not error in view of another given in identical language, except closing clause, which did not alter meaning.

8. MUNICIPAL CORPORATIONS—RIGHT OF TRAVELER TO USE STREET SUBJECT TO REGULATION. Traveler's right to use whole of street may be restricted by municipal ordinance in form of police regulation.[2]

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie*, Judge.

Action by Thomas Dixon against Carl M. Bergin. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*William Reger,* of Salt Lake City, for appellant.

*Fabian & Clendenin,* of Salt Lake City, for respondent.

---

[1] *Kenyon Hotel Co.* v. *O. S. L. R. Co.*, 62 Utah, 364, 220 Pac. 382.
[2] *Richards* v. *Palace Laundry Co.*, 55 Utah, 409, 186 Pac. 439.
See 4 C. J. §§ 1832, 1907; 28 Cyc. pp. 907, 912, 914 (1926 Anno), 917 (1926 Anno); 38 Cyc. pp. 1711, 1717.

FRICK, J.

The plaintiff, hereinafter called appellant, brought this action in the district court of Salt Lake county against the defendant, hereinafter called respondent, to recover damages for personal injuries which appellant alleged he had sustained by reason of the negligence of the appellant in driving his automobile against the appellant in one of the streets in Salt Lake City.

Respondent denied the alleged negligence on his part, and set up the defense of contributory negligence on the part of appellant.

A trial to a jury resulted in a verdict in favor of respondent, upon which judgment was duly entered, from which this appeal is prosecuted.

Before proceeding to the merits, we are required to dispose of respondent's motion to strike the bill of exceptions upon the ground that the same is "not properly certified," and that it does not "purport to contain all of the evidence introduced in the trial of this action."

With the exception of the testimony of respondent, which is set forth by giving all the questions and answers, the testimony of the other witnesses is given in narrative form by omitting the questions as they were propounded to the several witnesses. The court certified "that  *  *  *  the said bill of exceptions contains all of the evidence and the testimony of the witness Carl M. Bergin [respondent] when called as a witness for the defense, and contains the substance of the other evidence adduced upon the trial of said cause." The district court also certified that the bill of exceptions is "allowed as a true and correct bill of exceptions," and that the same "contains all of the exceptions taken and orders made and proceedings had during and since the trial of said cause." It will thus be seen that the objection that the bill of exceptions is not properly certified is not tenable.

Nor is the objection that the bill of exceptions should be stricken, because it does not contain all of the evidence, well founded. It is not always necessary that the testimony be certified to this court in the form of questions and an-

swers. Indeed, it would very often be more convenient if the testimony were stated in narrative form, and to some extent condensed. The testimony may, however, be so condensed that the true sense or meaning of some particular part is not correctly reflected, and, if that is made to appear, this court may be prevented from reviewing the testimony, or may be unable to review a particular question presented for review upon the appeal. But that is no reason why the bill of exceptions should be stricken as a whole. If a bill of exceptions is in such a state that all the questions raised by the appeal cannot be reviewed, but nevertheless is in such a condition that others may be reviewed, it is our duty to review all of the questions that can properly be reviewed, and to ignore only those that cannot be reviewed.

The motion to strike the bill of exceptions must therefore be denied.

The evidence is to the effect that on the 9th day of May, 1922, in the evening, between 7 and 8 o'clock, appellant was riding his bicycle on one of the principal streets in Salt Lake City, running east and west. The street is 92 feet wide between the curb lines, all of which is paved. In the center of the street a double-track street car line is operated. The street car tracks cover a space of 20 feet in width. The portions of the street on either side of the street car tracks are approximately 35 feet wide. The appellant was traveling west about 8 or 10 feet north of the north rail of the north street car track when the accident occurred. Just before the accident appellant had left the north curb of the street and had passed around an automobile which was parked on the street against the north curb. As appellant was riding west, respondent was driving his automobile in the same direction, also on the north side of the street car tracks. The respondent testified that, as he was nearing appellant from the rear, and when he was some distance behind appellant, respondent sounded the horn of his automobile, but that it seemed to him that the appellant did not hear the horn, and so, when he was nearer the appellant, respondent

sounded the horn again; that appellant then turned his head and looked backward, at which time he was proceeding somewhat slowly on his bicycle; that respondent then passed to the left of appellant, and proceeded westward; that he had gone some little distance when he was hailed by one of the witnesses, who testified at the trial, who informed him that he had run against some one; that respondent immediately stopped his car and went back to where appellant was lying on the pavement, at about the point where respondent had passed him, as before stated; that respondent did not know that appellant had been touched by his automobile; that appellant was lying on the pavement and seemingly suffering much pain; that his bicycle was lying on the pavement but was in nowise injured, and there were no indications of a collision except that the dust was apparently "brushed off" the front end of the right-hand fender of respondent's automobile.

Upon the other hand, quoting from the bill of exceptions, the appellant testified that he was slowly proceeding westward on the street aforesaid, and that, just after he had passed around an automobile that was parked against the north curb of the street, and "when I had got about 8 or 10 feet west of the automobile that was parked west of where he had been talking, he heard an automobile coming toward him from his rear; that the driver of the automobile coming toward him did not sound his horn; that all he heard was the motor of the automobile; that, as soon as he heard the car coming, he looked around and saw the automobile coming toward him; that then he immediately turned his bicycle in a northwesterly direction toward the north curb; that it was about this time that the driver of the automobile started to pass him; that the driver turned the front of the auto in a direction a little south of west, and that as the driver was passing appellant the machine was so close that he could feel the wind from the machine; that the driver was passing on appellant's left or south side; that the front part of the automobile turned out and passed him; that the driver struck him on left side and back with the right rear

fender of the automobile; that he was riding his bicycle at the time of the accident at a rate of speed of about five miles an hour."

One of two other witnesses who were standing at different points on the north sidewalk in effect corroborated appellant's statements except that they did not see whether respondent's automobile actually struck appellant or not.

The foregoing is in substance the evidence on behalf of plaintiff as to how the accident occurred.

Two witnesses who saw the accident testified on behalf of respondent. One of the witnesses said:

"I was on the north side of First South street, about 50 feet east from the corner of West Temple and First South street, when I first saw the bicycle. The bicycle was going west on the north side of First South street, about 4 or 5 feet from the north rail of the north street car track. The man on the bicycle was going west, approximately west. The automobile was behind the bicycle and was going west on the north side of First South street. The automobile was astraddle of the north rail of the north car track. I saw the rider on the bicycle turn his head over his shoulder and look back. I saw the automobile as it came past the bicycle. When the man on the bicycle looked back he lost control of his bike and tumbled over, fell on the automobile, and rolled to the ground. The accident happened about in front of the Western Fruit Stand, almost directly out in front of the entrance to the fruit stand. The driver of the automobile did not stop after it passed by the man on the bicycle. He turned out to the south around the man on the bicycle."

The other witness testified:

"As I left the north curb I saw the bicycle moving west on First South street, and an automobile approaching the man on the bicycle from the rear and moving in the same direction. The man on the bicycle looked behind in the direction of the automobile. The automobile passed the man on the bicycle on his left and pulled out over the car tracks. The front part of the automobile had passed the man on the bicycle, who had then turned his front wheel in a northwesterly direction, little north of west. Space between the front fender and bicycle, as the automobile passed the man on the bicycle, I should judge to be about 6 inches. The front wheel of the bicycle wobbled as the automobile passed by on the left side. The rear wheels of the automobile at that time were astride the north rail of the north car track, and automobile was headed in a southwesterly direction. The bicycle was still about 4 feet from

the car tracks, and in such a position that I could not see the rear fender of the automobile. At this time the man on the bicycle seemed to topple and fall over against the automobile. The driver of the automobile did not stop. He continued ahead. He turned in again after he had passed the man on the bicycle. As he approached me I signaled him to stop. I was out in the street walking in a southwesterly direction across First South street near the corner of West Temple street and First South street."

In addition to the foregoing, the evidence of respondent's witness was that there were no indications on either the bicycle or the automobile that there had been a collision, except that the dust was "brushed off" the front of the right-hand rear fender of the automobile, as though something had touched it.

Appellant's counsel vigorously insists that the court erred in admitting in evidence section 24 of a certain ordinance which was pleaded by the respondent, and which was in force at the time of the accident, and which reads as follows:

"Every person driving a slow moving or heavily loaded vehicle, or riders of bicycles, shall keep close to the right-hand gutter, allowing more swiftly moving vehicles to pass to the left."

In connection with the contention that it constituted error to admit in evidence the foregoing ordinance, counsel also insists that the court erred in charging the jury as follows:

"You are instructed that if you should find from the evidence that there was room for plaintiff to keep close to the right-hand gutter and he negligently failed to do so, and that such failure proximately contributed to the accident in question, then plaintiff cannot recover in this action even though you should find defendant guilty of certain acts of negligence alleged in plaintiff's complaint.
* * *

"You are instructed that, while the part of the street or highway near the street railway tracks is not withdrawn from public use, nevertheless, automobiles have a preferential right to passage over that part of the street to which persons riding bicycles must yield, and persons on bicycles are required to follow a line of travel as close to the right-hand curb as they conveniently can, yielding the central portion of the street to more swiftly moving vehicles."

It is argued that, in view of the evidence which we have hereinbefore quoted, the ordinance was immaterial and that the instructions do not correctly state the law.

In support of the contention that the ordinance was im-

material, appellant's counsel cites and relies on *Harnau* v. *Haight,* 189 Mich. 600, 155 N. W. 563, where it was held in a collision between a bicycle rider and an automobile that, in view of the state of the evidence in that case, the exclusion of an ordinance like section 24 supra, did not constitute error. The court adopted that view because, according to the plaintiff's testimony, the defendant, on a dark night, without having had proper lights on the automobile, recklessly and heedlessly ran down the plaintiff in a public street, while, according to the defendant's testimony—and the two were the only witnesses to the accident—the plaintiff ran his bicycle into the side of the defendant's automobile. The Supreme Court of Michigan held that, in view of the evidence, the ordinance was not material, and hence the trial court had committed no error in excluding it from the evidence.

The evidence and circumstances of the case at bar are, however, not parallel to those in the case just referred to. But apart from that phase of the case, it certainly is no longer an open question in this jurisdiction that the city authorities have the right to regulate vehicles traveling upon the public streets. As pointed out in a recent decision of this court, ordinances regulating travel upon our streets may become absolutely necessary. *Kenyon Hotel Co.* v. *O. S. L. R. Co.,* 62 Utah, 364, 220 Pac. 382. The evidence in this case shows that the accident occurred within what is called the congested business district. Where, therefore, vehicles can be classified and different portions of the street can be set apart for different classes of vehicles, and the city authorities, in the interest of public safety, deem it proper to do so, the courts are bound to enforce all such reasonable regulations. The two instructions excepted to are in harmony with the section of the ordinance to which appellant's counsel excepted, and, if it was proper to consider the ordinance, it could not constitute error to instruct the jury as was done.

The foregoing instructions were not all that the court gave upon the subject. These instructions merely set forth re-

spondent's theory of the case.   Other instructions also fully and explicitly set forth appellant's theory.   The court in effect charged the jury that, notwithstanding the ordinance and the instructions, if they found that the respondent did not exercise ordinary care in operating his car in the street at the time, and that such want of ordinary care on his part was the proximate cause of the injury, respondent would be liable; and, further, that although appellant was on or near the center of the street, if respondent, in the exercise of ordinary care, could have avoided the accident, appellant could recover in case respondent did not do so.   Indeed, the court fully charged the jury upon all phases of the case.

Appellant, however, also insists that the court erred in giving the following instruction:

"You are instructed that, while the part of the street or highway near the street railway tracks is not withdrawn from public use, nevertheless automobiles have a preferential right to passage over that part of the street to which persons riding bicycles must yield."

That instruction, however, is no more than a statement of the legal effect of the ordinance which was excepted to. If the ordinance is a proper police regulation, then it necessarily follows that, if vehicles are classified and a certain class is required to travel upon certain parts of the streets, such vehicles cannot be equal in right with another class of vehicles which are permitted to travel on other parts of the street.

The district court again fully guarded appellant's rights by charging the jury with respect to respondent's duty in the premises.   The judgment in the case of *Harnau* v. *Haight,* supra, the case upon which appellant's counsel implicitly relies, was reversed by the Supreme Court of Michigan because the trial court had failed to instruct the jury upon the defendant's theory of the case.   Here counsel complains because the court did so instruct.

We are clearly of the opinion that appellant was not prejudiced in any substantial right by the instructions to which reference has been made.

Appellant, however, also contends that the court erred in refusing to charge the jury as requested in his request num-

bered 17. The request, in its nature and essence, is a mere argument by which the jurors are told that, if they found certain facts, then the section of the ordinance introduced in evidence would be immaterial. The jury was, however, by the court, in explicit terms, informed that, **6** if they found a certain state of facts to exist, they should find for appellant; and, upon the other hand, if they found another state of facts to exist, then for respondent; and thus it was left for the jury to say what facts were necessary to find either way. Besides, the principle of law which appellant sought to invoke in the request was covered in the court's charge. Appellant could suffer no prejudice by the refusal of the request.

Appellant further insists that the court erred in refusing his request numbered 13. There seems to be an error in making this contention, since the court charged the jury in the identical language of the request with the exception that the request ended by telling the jury that, if they found the facts stated in the request, it "Would make him [defendant] liable in this case," while the court stated that the facts if found "would constitute negligence" on the **7** part of the defendant. In view of what has been said, further comment seems unnecessary.

Finally, it is somewhat strenuously insisted that the law permits every one to use all of a street, and that there is and can be no preferential rights. But the very authorities upon which appellant relies, and in which the rule is stated, always qualify the statement that each one may use the whole of the street to pass over if there are no regulations to the contrary. In support of the contention that all vehicles have the same right upon the streets, appellant cites the case of *Richards* v. *Palace Laundry Co.*, 55 Utah, 409, 186 Pac. 439. What is there said, however, is this:

"In the absence of a regulating ordinance—and none is alleged or proved in this case—all vehicles, including automobiles and bicycles, have equal rights on the streets."

To that effect are all of the authorities cited by appellant. Where, therefore, police regulations have been adopted

which, for the convenience and safety of all who may      8
use the streets, set apart certain parts of the street for
a certain class of vehicles, the right to the use of the whole
street by that class, except in emergencies, does not prevail.

It is however, also insisted that the court erred in instructing the jury in certain particulars to which appellant excepted. We have carefully examined the instructions or parts of instructions that are excepted to, and we have been forced to the conclusion that appellant's contention in that regard is untenable. If any mistake was made it consisted in unnecessary repetitions of legal propositions in the instructions, rather than in an erroneous statement of such propositions. There were no fewer than 40 requests to charge made by both sides, of which number the court adopted a large share, either in whole or in part. In view of that, some unnecessary repetitions crept into the charge, which for that reason is also much longer than was necessary. The difficulty that confronts the appellant in this case, however, is not that the court misstated the law, but it is that the evidence concerning the happening of the accident is against him. It is hardly within the range of probability that a jury, in view of the evidence, would have found for the appellant. Under such circumstances the law and the courts are both powerless to grant relief.

The judgment is therefore affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.