SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* ROBERT LOUIS WILLIAMS, Respondent.

No. 12260

January 3, 1980                                    604 P.2d 800

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Robert L. Miller,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Respondent herein, Robert Louis Williams, sought pretrial release by a writ of habeas corpus contending that the statute under which he is indicted is unconstitutional. The writ was granted. This appeal by the Clark County Sheriff followed.

Williams is charged with violation of NRS 453.323(1). NRS 453.323 reads, in pertinent part, as follows:

> 1. Any person who . . . agrees . . . to sell . . . any controlled substance classified in NRS 453.161 or 453.171 and then sells . . . any other substance in place of such controlled substance shall be punished by imprisonment in the county jail for not more than 1 year or in the state prison for not less than 1 year nor more than 10 years and .may be further punished by a fine of not more than $10,000 for each offense. ·
>
>     . . . .
> 3. Any person who . . . agrees . . . to sell . . . any controlled substance classified in NRS 453.181, 453.191 or 453.201 and then sells . . . any other substance in place of such controlled substance shall be punished by imprisonment in the county jail for not more than 1 year or in the state prison for not less than 1 year nor more than 6 years and may be further punished by a fine of not more than $5,000 for each offense.

Williams argues that the essence of the offense described by this statute is the commission of a fraud or misrepresentation. He submits that there is no rational basis for providing different penalties solely on the basis of the particular controlled substance another substance is purported to be and maintains that NRS 453.323 is, therefore, violative of equal protection.

Initially, we note that the Legislature, within constitutional limits, is empowered to define crimes and determine punishments, and the courts are not to encroach upon that domain lightly. Schmidt v. State, 94 Nev. 665, 584 P.2d 695 (1978); Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972).

Furthermore, we have stated:

> The equality guaranteed by the equal protection clause is equality under the same conditions and among persons similarly situated. The Legislature may make reasonable classifications with respect to persons, businesses, property and other activities but those classifications must not be arbitrary and must be based upon some difference in the classes having a substantial relationship to the legitimate object to be accomplished.

Boyne v. State ex rel. Dickerson, 80 Nev. 160, 164, 390 P.2d 225, 227 (1964); see State ex rel. Tidvall v. District Court, 91 Nev. 520, 539 P.2d 456 (1975).

The Legislature, therefore, is entitled to establish more severe penalties for acts which it believes have greater social impact and graver consequences. Harsher penalties for crimes committed under different circumstances from those which accompany the commission of other crimes do not violate equal protection guarantees so long as the classification is rationally based upon the variety of evil proscribed. People v. Montoya, 582 P.2d 673 (Colo. 1978).

In construing a statute which punished the purported sale of narcotics, the California District Court of Appeal, Second District, stated: "[I]t is apparent that the legislature had the intention of discouraging anyone from engaging or appearing to engage in the narcotics traffic. Anything which gives sustenance, solace, comfort or encouragement in the selling of narcotics or in the agreeing to sell narcotics, can be condemned, and properly so, by the legislature." People v. Shephard, 337 P.2d 214, 216–217 (Cal.App. 1959). It is quite clear that the

purpose of NRS 453.323, like the California statute construed above, is to condemn any activity which encourages the sale or appearance of sale of a controlled substance. We find no merit to appellant's contention that the purpose of NRS 453.323 is merely to prevent fraud or misrepresentation.

The statute at issue herein, NRS 453.323(1), punishes the purported sale of schedule 1 and schedule 2 controlled substances. Pursuant to NRS 453.166 and NRS 453.176 a substance is placed on schedule 1 or schedule 2 if it is determined that the substance has a high potential for abuse, either no medically accepted medical use or a severely restricted medical use, and which, if abused, may lead to severe psychic or physical dependence. NRS 453.323(3) punishes the purported sale of schedule 3, 4, and 5 controlled substances. Pursuant to NRS 453.186, 453.196 and 453.206 a substance is placed on schedule 3, 4 or 5 if it is determined that it has either a lesser or a low potential for abuse, a currently accepted medical use, and a more limited potential of physical or psychological dependence if abused.

It is readily apparent that our Legislature has based its controlled substance schedules on grounds within its authority and has provided penalties for violation of its controlled substance laws pursuant to the potential social impact and gravity of consequences of abuse. Distinguishing, therefore, between the crime of purporting to sell a schedule 1 or 2 controlled substance and the crime of purporting to sell a schedule 3, 4 or 5 controlled substance is a classification rationally based on the variety of evil proscribed. Crimes which are readily distinguishable on the basis of their elements do not violate equal protection rights if they impose disparate penalties. People v. Montoya, *supra*.

Accordingly, the order of the district court granting appellant's petition for writ of habeas corpus is reversed and this case is remanded to the district court for appropriate action in accordance with this decision.