STATE of Utah, Plaintiff and Respondent,

v.

Edward D. CHRISTENSEN, Defendant and Appellant.

No. 17791.

Supreme Court of Utah.

Dec. 29, 1981.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

Edward D. Christensen, pro se.

PER CURIAM:

This case originated in a justice of the peace court where defendant was convicted by a jury of the traffic offense of failing to display an inspection sticker on his car.[1] On appeal to the district court, he was again convicted.

He attacked the constitutionality of the statute which authorizes the appeal to this Court under Article VIII, § 9 of the Utah Constitution.

▇ Defendant appeals without the assistance of legal counsel and presents a very articulate argument reflecting considerable perception of the basic concepts of our state and federal constitutions. In so doing, defendant urges that the statute is discriminatory, in that it has the practical effect of punishing Utah residents, while immunizing sister state transient motorists from like penalty.

Defendant relies upon the Fourth and Fourteenth Amendments of the federal Constitution. He also points to the landmark decision of *Marbury v. Madison*[2] which stands for ultimate superiority of the Constitution over offending statutes.

Defendant is fair and candid in conceding that the State, his opponent here, insists on using the police power as a shield against his attack. His citation of *Richter v. East St. Louis and S. Ry. Co.*,[3] to the effect that residents and non-residents enjoy constitutional equality does not destroy the superiority of police power concepts.

Statutes like that involved here, uniformly have been held constitutional, with rare interference by the Fourth and Fourteenth Amendment. A case that arose in Illinois briefly and aptly states as follows:

Neither the Fourteenth Amendment to the Federal Constitution nor any provision of the Constitution of this state was designed to interfere with the police power to enact and enforce laws for the protection of the health, peace, safety, morals, or general welfare of the people. [Citations omitted.][4]

No one would venture to ignore a law to make safe and prevent what too often is wholesale slaughter on the highways, simply because a few transients, perhaps in interstate commerce, have no Utah safety stickers on their vehicles. The classification of affected persons is reasonable, and applies to practically all users of the highways and all residents of the state. It would be unreasonable to render the statute void and to deny citizens an irreplaceable insurance

1. In violation of U.C.A., 1953, 41–6–158.

2. 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803).

3. 20 F.2d 220 (Mo.Dist.Ct.1927).

4. *City of Evanston v. Wazan*, 364 Ill. 198, 4 N.E.2d 78 (1936).

policy for their safety on constitutional grounds.[5]

The defendant has not shown in the record any proof that the purpose of the statute is other than for the welfare of the community, or an improper exercise of the police power.

■ The second contention urged by defendant to the effect it was error to discuss a question of law out of earshot of the jury is without merit since such questions are for the court as are questions of fact for the jury.

Affirmed.

STEWART, J., concurs in the result.

---

**5.** *State v. Twitchell*, 8 Utah 2d 314, 333 P.2d 1075 (1959).