The STATE of Utah, Plaintiff and Respondent,

v.

Lauren S. CHANCELLOR, Defendant and Appellant.

No. 20550

Supreme Court of Utah.

Aug. 6, 1985.

Lauren S. Chancellor, pro se.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted in the circuit court of driving while his driver's license was revoked and of failing to comply with the order of a law officer. Defendant was sentenced to a fine of $437 and seventy-five days in jail, sixty-seven days of which were conditionally suspended.

The language of our statutes is clear regarding the classification of these offenses and their respective penalties. Defendant's conviction under U.C.A., 1953, § 41–2–28 (Supp.1983) for driving with a revoked license carries the penalties specified in U.C.A., 1953, § 41–2–30(2) (Supp. 1983). By specifying its own penalties, this offense does not fall under the general classification on a class B misdemeanor under U.C.A., 1953, § 76–3–104(2). There was no constitutional error in the sentence defendant received under section 41–2–30(2).

■ Defendant argues that the penalties imposed for driving on a revoked license denied equal protection of the laws to those persons who drink alcohol and drive on our highways. U.C.A., 1953, § 41–2–28 (Supp. 1983) provides that it is unlawful to drive on the public highways when the driver's license is revoked. If that license was previously revoked because of driving while under the influence, the convicted defendant may be punished by a fine of up to $1000 or one year imprisonment, or both. Driving with a license revoked for reasons not associated with alcohol carries only a maximum penalty of six months in jail and $299 fine. U.C.A., 1953, § 41–2–30 (Supp. 1983).

Defendant's argument that drivers who drink are unconstitutionally singled out is wholly meritless. The conditions for operation of motor vehicles on public roads is a proper subject for state regulation and control. We have affirmed the power of our legislature to determine that those who drive while intoxicated are dangerous to the health, safety, and welfare of others and may be subjected to stiffer penalties. *State v. Brennan,* 13 Utah 2d 195, 371 P.2d 27, 29 (1962); *Greaves v. State,* Utah, 528 P.2d 805 (1974); *Murray City v. Hall,* Utah, 663 P.2d 1314, 1318 (1983). The legislature's imposition of a stiffer punishment upon a driver whose license is revoked for drunk driving does not violate his right to equal protection under the laws. Such a classification of those convicted of drunk driving is entirely reasonable and within the power of the legislature in governing the safe use and operation of motor vehicles within the state. *State v. Christensen,* Utah, 639 P.2d 205 (1981), *appeal dismissed,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 40, *reh'g denied,* 459 U.S. 1059, 103 S.Ct. 479, 74 L.Ed.2d 626 (1982); *Sheriff, Clark County v. Williams,* 96 Nev. 22, 604 P.2d 800 (1980).

■ Defendant's claim that the arresting officer lacked probable cause to stop defendant for a traffic violation is raised for the first time on appeal. It is supported only by defendant's own version of the facts as to his driving conduct, which version was never presented to the trial court and is unsupported by any evidence in the record. Because we will not rule on a contention presented for the first time on appeal, we decline to consider this claim of error. *State v. Lee,* Utah, 633 P.2d 48 (1981), *cert. denied,* 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981). *See also State v. Gibson,* Utah, 665 P.2d 1302 (1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 241, 78 L.Ed.2d 231 (1983).

■ The remaining assertions that the circuit court erred by permitting amendment of defendant's citation and by imposing excessive sentences do not raise any question of constitutional dimension and are not reviewable by this Court. *Murray City v. Hall, supra,* at 1322.

We affirm defendant's conviction.