Joseph M. WISDEN, Plaintiff
and Appellant,

v.

CITY OF SALINA, Defendant
and Respondent.

No. 20565.

Supreme Court of Utah.

Oct. 30, 1985.

Rehearing Denied Nov. 25, 1985.

Joseph M. Wisden, pro se. for appellant.

D. Michael Jorgensen, Salina, for defend-
ant and respondent.

PER CURIAM:

In this pro se action, plaintiff seeks a
writ of replevin to recover a vehicle im-
pounded for lack of registration.

On February 24, 1984, plaintiff was oper-
ating a 1966 pickup truck when he was
stopped and issued citations for: no Utah
registration, no Utah safety inspection, op-
erating an unsafe motor vehicle, failure to
produce a driver's license, and failure to
obey a police officer. The vehicle was

seized and impounded pursuant to the pro-
visions of U.C.A., 1953, § 41–1–115.

On July 2, 1984, plaintiff filed a com-
plaint where he sought damages and re-
lease of the vehicle, alleging that the sei-
zure constituted a violation of his constitu-
tional right to property. On August 6,
1984 (after plaintiff had moved for summa-
ry judgment), defendant answered the com-
plaint and also moved for summary judg-
ment. After a hearing on August 22, 1984,
the district court denied plaintiff's motion
for summary judgment and granted de-
fendant's motion for summary judgment,
noting in an unsigned minute entry that
plaintiff could "pick up his car at the tow-
ing service and pay the charges whenever
he wants to." This Court dismissed plain-
tiff's appeal from this ruling since it was
not from a final judgment. *Wisden v. City
of Salina,* Utah, 696 P.2d 1205 (1985).
Plaintiff thereafter obtained a signed judg-
ment and filed a second notice of appeal.

In their briefs on appeal, both parties
raise procedural questions which may be
treated summarily. Defendant challenges
the service of process by claiming that it
was the city attorney who was served and
not the "mayor or recorder," as required
by Utah R.Civ.P. 4(e)(5). Since defendant
has raised that issue for the first time on
appeal, we will not address it. *See* Utah
R.Civ.P. 12(b). Plaintiff contends that his
motion for summary judgment was improp-
erly denied since defendant's answer was
not timely filed. Plaintiff confuses summa-
ry judgment with default judgment, and in
any event, defendant's answer was filed
before the court ruled on plaintiff's motion.

The substance of plaintiff's appeal basi-
cally is that defendant cannot impound
plaintiff's property since statutes requiring
registration of vehicles do not pertain to
him. Plaintiff does not deny the lack of
registration. He merely asserts that, as a
free man, he has a right to possess and use
property as he sees fit. While that is true
to a limited extent, all persons are subject
to the police power of the state. For the

betterment of society in general, the legislature has regulated certain activities. One valid area of regulation involves the use of motor vehicles. *See generally* 7A Am. Jur.2d *Automobiles and Highway Traffic* § 55. We have held that "[t]he right to drive upon the highways is a privilege conferred subject to conditions; and it may be revoked if those conditions are violated." *Smith v. Cox,* Utah, 609 P.2d 1332 (1980). With respect to the registration requirement, the legislature has enacted the following statute:

> It shall be unlawful for any person to drive or more or for an owner knowingly to permit to be driven or moved upon any highway any vehicle of a type required to be registered hereunder which is not registered or for which a certificate of title has not been issued or applied for, or for which the appropriate fee has not been paid when and as required hereunder....

U.C.A., 1953, § 41–1–18.

The statute applies to all persons, including every "natural person, firm, copartnership, association, or corporation." U.C.A., 1953, § 41–1–1(t). A person's failure or refusal to comply with the registration requirements may result in the impoundment of his vehicles under U.C.A., 1953, § 41–1–115. That statute provides as follows:

> The department or any peace officer, without a warrant, may seize and take possession of any vehicle which is being operated with improper registration, or which the department or the peace officer has reason to believe has been stolen, or on which any motor number, manufacturer's number or identification mark has been defaced, altered or obliterated. Any peace officer so seizing or taking possession of such vehicle shall immediately notify the department of such action and shall hold the vehicle until notified by the department as to what further action should be taken regarding the disposition of the vehicle.

The summary judgment entered against plaintiff is affirmed. No costs awarded.