STATE of Utah, Plaintiff and Respondent,

v.

Kenneth M. HAMILTON, Defendant and Appellant.

No. 20203.

Supreme Court of Utah.

Nov. 21, 1985.

Lisa Remal, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The defendant was convicted of three class B misdemeanors after trial before a justice of the peace. He challenged the verdict and was subsequently convicted of the same three charges (failure to yield the right of way, interference with a police officer, and driving on a suspended license) after trial de novo in the district court. He argues that his warrantless arrest violated the fourth amendment of the federal constitution. We affirm.

■■■ The State argued in its brief that article VIII, section 9, of the Utah Constitution prohibits an appeal in a case beginning in justice court unless the constitutionality of a statute is challenged. Since July 1, 1985, the constitutional provision on which the State relies has been supplanted by a completely revised judicial article, which does not contain the limitation formerly a part of section 9. In the absence of any limitation, the provisions of U.C.A., 1953, § 78–3–5 (Supp.1985) govern. That statute reads, in part, as follows:

> Appeals shall lie from the final judgments of justices of the peace in civil and criminal cases to the district courts, on both questions of law and fact, with such limitations and restrictions as are or may be provided by law; and the decisions of the district courts on these appeals shall be final, except in cases involving a constitutional issue.

Since the defendant raises a constitutional issue in this case, we will review his claims.

■■ The arresting officer in this case observed the defendant committing a class B misdemeanor traffic offense, failure to yield the right of way. He followed the defendant in order to make a stop, but the defendant's vehicle turned into and stopped on private property at approximately the same time the officer caught up with it. The defendant refused to speak to the officer and left the immediate area to lock himself in a nearby shed, apparently used in a hay selling operation. The officer then arrested the defendant for the traffic violation. The defendant claims that the arrest was invalid under the rationale of *Payton*

*v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), because it was a warrantless invasion of the defendant's home for the purposes of making an arrest absent exigent circumstances. That characterization is not justified by the facts. Specifically, the officer was literally in "hot pursuit" of a person who had been observed committing an offense, albeit a minor one. The pursuit legitimately led the officer onto private property (the record contains no indication that the premises constituted the defendant's residence). When the defendant failed to cooperate with the officer's investigation of the traffic offense he had witnessed, the officer was justified in making an arrest to permit investigation and prosecution. The arrest was valid. Therefore, the defendant's conviction of the charges of interfering with an officer and of driving with a suspended license, which arose out of and after the arrest, are also valid. The convictions are affirmed.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.