**STATE of Utah, Plaintiff and Respondent,**

v.

**Dale STEVENS, Defendant and Appellant.**

**No. 20857.**

Supreme Court of Utah.

May 5, 1986.

Dale Stevens, Vernal, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Dale Stevens appeals his convictions of driving a vehicle without a driver's license, proper vehicle registration, and safety inspection. U.C.A., 1953, §§ 41–2–15, 41–1–18, 41–6–158 (1981 ed.). Defendant was convicted in the justice court and appealed to the district court. In a trial *de novo*, he was again convicted by the district court sitting without a jury. On appeal to this Court, we consider only the constitutional issues raised.[1]

Although conceding his violation of the statutes, defendant asserts that our state laws and officials unconstitutionally impede his alleged fundamental and unrestricted right to travel. Defendant contests the constitutional power of the state to impose reasonable and necessary regulation on the use of motor vehicles on our public streets and highways. We have often stated, and reaffirm here, that our legislature has the power and duty to promote the public health, safety, and general welfare of all citizens. In furtherance of that power and duty, conditions and regulations for the operation of motor vehicles on our public roads and highways are a proper subject for legislative action.[2] The statutes which defendant violated do not unconstitutionally deprive him of any claimed "right of locomotion," due process, or equal protection of the laws.

Defendant also claims deprivation of his constitutional right to a jury trial. His request for a jury trial was filed three months prior to his district court trial *de*

<hr />

1. Our jurisdiction to consider this appeal is determined by U.C.A., 1953, § 78–3–5 (Supp.1985), the appeal having been filed after the effective date of new article VIII of the Utah Constitution. *State v. Hamilton,* Utah, 710 P.2d 174 (1985).

2. *State v. Chancellor,* Utah, 704 P.2d 579 (1985); *Wisden v. City of Salina,* Utah, 709 P.2d 371 (1985); *State v. Christensen,* Utah, 639 P.2d 205 (1981), *appeal dismissed,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 40 (1982). *Cf. Dixon v. Bergin,* 64 Utah 195, 228 P. 744 (1924).

*novo.* Five days before the trial, the district court denied defendant's request, giving no reason for the denial.

Having made a timely demand, defendant was entitled to a jury trial under U.C.A., 1953, § 77–35–17(d) (1982 ed.):

All other cases [misdemeanor] shall be tried without a jury *unless* the defendant makes a written demand at least ten days prior to trial, or the court orders otherwise.

(Emphasis added.)

The State does not offer any legitimate justification for the trial court's having deprived defendant of his statutory right to a jury trial. Instead, the State reasons that because defendant's brief relies exclusively upon the United States Constitution and has failed to raise his statutory right to a jury trial, we should not consider the issue. We do not countenance defendant's failure to follow our rules on appeal, but we cannot ignore the facts that he had a right to a jury trial, that he asked for one, and that it was denied. This is particularly true because defendant is proceeding without counsel. Therefore, even in the absence of adequate argument or objection in this case, we consider the refusal to impanel a jury reversible error. *See State v. Cook,* Utah, 714 P.2d 296 (1986).

Defendant's conviction is reversed, and the case is remanded for a jury trial.