**The STATE of Utah, Plaintiff and Respondent,**

v.

**Howard Rodney MILLIGAN, Defendant and Appellant.**

No. 860027.

Supreme Court of Utah.

Oct. 17, 1986.

Andrew A. Valdez, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Earl F. Dorius, Asst. Atty. Gens., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is a pro se appeal of district court convictions of driving without a license (U.C.A., 1953, § 41-2-2) and of failing to appear in court (U.C.A., 1953, § 41-6-168).

Defendant was tried in absentia in a bench trial in justice court and found guilty as charged. He thereafter sought and was accorded a trial de novo in district court. The case was tried to a jury, and guilty verdicts were returned on both counts of the information.

The only witness called to testify at trial was Glasper Bowman, who testified that he is a police officer for Utah Technical College in Salt Lake County. On January 8, 1985, Officer Bowman was dispatched to the scene of a traffic accident at 4500 South and 1700 West. The accident was apparently caused by a small car which, as the result of icy road conditions, slid into defendant's van. The car was making a right turn, and the van was stopped at a traffic light. When Officer Bowman arrived at the scene, he was directed to the two drivers of the vehicles, both of whom were standing outside. The officer asked the drivers for their driver's licenses and vehicle registrations. Defendant produced his vehicle registration, but stated he did not have a driver's license. Officer Bowman called in a license check and was told there was not one on file.[1] The officer issued defendant a citation for driving without a license. Defendant thereafter failed to appear in court as he had promised when he signed the traffic citation. He was tried and convicted in justice court and later, in a trial de novo, in district court.

■ In his brief on appeal, defendant states that he "relies strictly on Constitutional and Scriptural law." His points on appeal include (1) right to locomotion; (2) insufficiency of witnesses; (3) lack of authority in the arresting officer; and (4) excessive fines. The State suggests that we summarily affirm in view of defendant's failure to cite to the record and to support his arguments by legal analysis and authority. *See State v. Sutton,* 707 P.2d 681, 683 (Utah 1985) (an appellant's failure to cite to the record is grounds for

1. The officer later discovered that defendant had a license at one time but allowed it to expire.

affirming the trial court); *State v. Ami-cone*, 689 P.2d 1341, 1344 (Utah 1984) (we decline to rule on an argument not supported by authorities). However, since defendant is here pro se and because the appeal meets our threshold for review,[2] we will briefly address the issues raised.

■ Defendant contends that he has a constitutional right of locomotion and that, so long as he operates his vehicle in a reasonable manner, he is not subject to the state's regulation of its highways. We have clearly held that "conditions for operation of motor vehicles on public roads is a proper subject for state regulation and control." *State v. Chancellor*, 704 P.2d 579, 580 (Utah 1985). U.C.A., 1953, § 41-2-2 requires that all drivers in Utah hold a valid license. Likewise, U.C.A., 1953, § 41-6-168 requires that a person accused of violating the traffic laws must appear in court when he or she has promised to do so. The statutes are a valid exercise of the state's police power and, by failing to abide thereby, defendant has exposed himself to the sanctions specified.

■ Defendant contends that the evidence is insufficient to support the jury verdict since Officer Bowman did not actually see defendant operating his van. We have held that a peace officer need not see the person driving, as long as he has reasonable grounds to believe that the person was in actual physical control of the motor vehicle. *Ballard v. State, Motor Vehicle Division*, 595 P.2d 1302, 1306 (Utah 1979). In the instant case, defendant actually stated to the officer at the scene (Bowman) that he was the driver of the van. The officer therefore had reasonable grounds to believe that defendant was operating a vehicle. Defendant also suggests that the evidence is insufficient since Bowman was the only witness to testify against him. The number of witnesses is not critical, so long as the evidence presented is sufficient

to support the factual findings of the jury. As abstracted above, Bowman's testimony is sufficient to support the verdict in the instant case.

■ Defendant argues that Officer Bowman did not have the authority to arrest him because he was a category II officer at the time of the arrest. In January 1985, U.C.A., 1953, § 77-1-3(5)(b)(i) provided as follows:

Category II peace officers shall have total peace officer authority when on duty and when acting in relation to the responsibilities of the peace officer's agency; provided, however, category II peace officers shall have the powers of a category I peace officer over felonies or misdemeanors committed within their presence.

Based on the foregoing statute and under the evidence adduced, it would appear that a category II peace officer would have had the authority to cite defendant for driving without a license. However, the evidence at trial established that Bowman was a category I peace officer.[3] U.C.A., 1953, § 77-1-3(5)(a) specifically provided that any police officer employed by any public college is a category I peace officer. On the facts of this case, it is clear that Bowman was authorized to issue defendant a citation for driving without a license.

■ In his final argument, defendant challenges the reasonableness of his sentence. On the driver's license violation, defendant was sentenced to 15 days in jail, $150 fine, and $6 post-assessment fee. For failing to appear, he was sentenced to 5 days in jail, $50 fine, and $4 post-assessment fee. Both jail terms were to be suspended on payment of the fines. Defendant contends that he was fined an excessive amount because of his request for a jury. This claim is not supported by the record. The sentences imposed by the district court

---

**2.** We have jurisdiction over cases commencing in justice court where the issues raised involve a constitutional issue. *State v. Hamilton*, 710 P.2d 174 (Utah 1985).

**3.** When asked at trial what category of police officer he was, Bowman responded that he is "a Certified Academy One police officer." He also stated that he was operating in that capacity on January 8, 1985.

were precisely the same as those imposed by the justice court in a nonjury trial. Defendant also contends that the sentences constitute cruel and unusual punishment since the fines are higher than the guidelines set for bail. This argument is specious. Since the sentences are within the statutory allowances, and because the statutory sanctions are rational, defendant has not been subjected to cruel and unusual punishment.

Affirmed.

STEWART, J., concurs in the result.

