SANDY CITY, Plaintiff and
Respondent,

v.

Randy THORSNESS, Defendant
and Appellant.

No. 880637–CA.

Court of Appeals of Utah.

Aug. 18, 1989.

George S. Diumenti, II and D. Bruce Oliver, Diumenti & Lindsley, Bountiful, for defendant and appellant.

Clifford W. Lark and Van Midgley, City Attys., Sandy, for plaintiff and respondent.

Before JACKSON, ORME and GARFF, JJ.

PER CURIAM:

Defendant was convicted of driving under the influence of alcohol. He appeals after entering a conditional no contest plea to the offense. His plea was conditional in order to preserve this appeal challenging the denial of his pretrial motion to suppress all evidence because of an illegal traffic stop. *See State v. Sery,* 758 P.2d 935, 939 (Utah App.1988).

On appeal, defendant argues that he was stopped without any reasonable suspicion by the officer who followed him. Therefore, defendant claims, his stop was illegal and the subsequent evidence resulting in his conviction should have been suppressed. We agree with defendant that his stop was not based upon any articulated reasonable suspicion that a crime had been committed and, therefore, we reverse the conviction. *State v. Sierra,* 754 P.2d 972 (Utah App. 1988).

The evidence surrounding defendant's stop and arrest for DUI in the early morning hours of August 6, 1988, is basically undisputed. We view that evidence in a light most favorable to the trial court's ruling on the suppression motion. Officer Pingree stopped to assist a motorist whose car was stranded in the outside lane of a four-lane street at 1:30 a.m. The officer's car, with lights flashing, blocked that outside lane. Driving by the scene in the same direction, defendant pulled around the officer's vehicle and stopped his car to observe the activity of the officer and the car's occupants. When waved on by Officer Pingree, defendant hesitated momentarily, then pulled away at a "slow rate of speed" and drove on down the street. There was no other traffic in the area at that early morning hour.

After he concluded his assistance with the stranded car, Officer Pingree determined to pursue defendant's car. He caught up with defendant and followed him for several blocks. Officer Pingree did not observe any suspicious or exceptionable driving behavior, or traffic violations. However, he noted that defendant drove slowly in the inside lane, twenty miles per hour in a forty-mile-per-hour zone. Defendant did not commit any traffic violations and traffic was not impeded as there was none in the area at that hour. After several blocks, the officer activated his emergency lights, and pulled defendant off to the side of the road.

■ There is no question that the police officer's stop of defendant was a "seizure" subject to the fourth amendment of the United States Constitution. Therefore, it can be justified only upon a showing of reasonable suspicion that defendant had committed or was committing a crime or that he was stopped incident to a traffic offense. *Sierra* at 975. In making that determination, we ask whether from the facts apparent to the officer and the reasonable inferences drawn therefrom, he would reasonably suspect that defendant was intoxicated as he drove down the street. *State v. Baird,* 763 P.2d 1214, 1216 (Utah App.1988), and cases cited therein. This suspicion must be based upon articulated, "objective facts" then apparent to the officer. *Cf. State v. Holmes,* 774 P.2d 506 (Utah App.1989).

The officer testified that he suspected defendant was intoxicated because at 1:30 a.m. he drove slowly in the inside lane, and because he stopped alongside the officer's car and failed to "immediately" move on when signaled to do so by the officer. While this conduct may be indicative of a drunken driver when combined with other factors, the officer also agreed that it is equally consistent with the habits and conduct of a normal driver. There is nothing inherently untoward in a driver traveling under the speed limit or in stopping momentarily, whether out of normal curiosity or possibly even to observe whether assistance might have been required at 1:30 in

the morning with no other people or traffic in the area.

 Defendant did not engage in reckless, erratic driving patterns that indicated a lack of vehicle control or violated a traffic ordinance. While there may be a multitude of factors that objectively indicate the intoxication of a driver we do not believe that the driving behavior in this case reasonably supports the suspicion of drunk driving. Although the officer testified that defendant's slower driving speed and his failure to "move on immediately" when requested on a deserted street at 1:30 a.m. were indicia of intoxication, these facts are equally indicative of innocent behavior and, without more, do not provide a reasonable basis to suspect defendant of being intoxicated. *Cf. Sierra*, 754 P.2d at 976.

We are sensitive to the dangers posed in our communities by those who drive while intoxicated. *See State v. Chancellor*, 704 P.2d 579 (Utah 1985), and cases cited therein. But, even so, these dangers are not properly alleviated by permitting traffic stops and arrests on the basis of evidence as meager as that offered in this case. Our decision should not deter the enforcement of drunk driving laws when traffic stops and arrests are predicated on at least a reasonable, articulated suspicion that an accused is intoxicated.

Reversed and remanded.

All concur.