*1014
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from a judgment of conviction, entered pursuant to a jury verdict, of one count of possession of controlled substances. The district court found that appellant had two prior controlled substance convictions and sentenced appellant to serve ten years in the Nevada State Prison.
 
 See
 
 NRS 453.336.
 

 Appellant contends that the district court erred in sentencing him to serve an enhanced sentence because he did not receive notice in the charging document that he would be subject to an enhanced sentence for prior controlled substance convictions. Generally, pursuant to the current statutory scheme in Nevada, the state is required to give formal notice in the charging document that it is seeking an enhanced sentence based on prior controlled substance felony convictions.
 
 See
 
 NRS 453.348.
 
 [1]
 
 The only exception is appellant’s offense, simple possession, a violation of NRS 453.336, which is not listed in NRS 453.346 as an offense for which the state is required to give formal notice that it is seeking an enhanced sentence for prior convictions.
 

 The legislature is afforded a great deal of discretion in determining punishments for crimes, and may make reasonable classifications, but those classifications must not be arbitrary and must be based on some difference in the classes having a substantial relationship to a legitimate objective. Sheriff v. Williams, 96 Nev. 22, 24, 604 P.2d 800, 801 (1980). For example, the legislature is entitled to impose greater punishment for acts that it considers to have greater social impacts and graver consequences.
 
 Id.
 

 The state has not offered, and we cannot discern, any rational basis for denying persons charged with simple possession of controlled substances formal notice in the charging document that the state intends to seek an enhanced sentence for prior controlled
 
 *1015
 
 substance convictions, when persons charged with more serious controlled substance offenses receive such notice. Accordingly, we conclude that because appellant did not receive formal notice in the charging document that the state was seeking an enhanced penalty for prior controlled substance convictions, the district court erred in imposing an enhanced sentence. The district court imposed the maximum sentence applicable for one prior controlled substance conviction, ten years in the Nevada State Prison, to be served concurrently with the sentence in another case. In view of the above, we modify appellant’s sentence to six years in the Nevada State Prison, the maximum sentence for a first offense, to be served concurrently with the sentence in the other case. Appellant’s conviction is affirmed in all other respects.
 

 [1]
 

 NRS 453.348 provides in pertinent part that:
 

 In any proceeding brought under NRS 453.316, 453.321, 453.333, 453.334, 453.337, 453.338 or 453.401, any previous convictions of the offender for a felony relating to controlled substances must be alleged in the indictment or information charging the primary offense .