## TYRONE DAVID ROBERTS, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 42430

May 19, 2004          89 P.3d 998

*Michael R. Specchio,* Public Defender, and *John Reese Petty,* Chief Deputy Public Defender, Washoe County, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

Before Shearing, C. J., Rose and Maupin, JJ.

## OPINION

*Per Curiam:*

In this appeal, we consider whether the State is required to provide a defendant charged with first-offense possession of a controlled substance with formal notice in the charging document that, pursuant to NRS 176A.100,[1] probation is discretionary rather

---

[1] NRS 176A.100(1)(b) presently provides that when a person is found guilty of a category E felony:

> [T]he court shall suspend the execution of the sentence imposed and grant probation to the person. The court may, as it deems advisable, decide not to suspend the execution of the sentence imposed and grant probation to the person if, at the time of sentencing, it is established that the person:
>
> (1) Was serving a term of probation or was on parole at the time the crime was committed, whether in this state or elsewhere, for a felony conviction;

than mandatory. We conclude that no formal notice is required because discretionary probation is not the equivalent of a sentencing enhancement under NRS 453.336 and, therefore, our holding in *Lewis v. State*[2] is inapposite.

## FACTS

On September 23, 2003, appellant Tyrone David Roberts pleaded guilty to one count of possession of a controlled substance. Pursuant to the terms of the plea agreement, the State promised not to oppose probation, if recommended by the Nevada Division of Parole and Probation and, otherwise, to concur in any other sentencing recommendation made by the Division.

Ultimately, the Division recommended that Roberts serve a prison term of 12 to 30 months and, subsequently at the sentencing hearing, the State concurred in that recommendation. Defense counsel, however, argued that probation was mandatory in Roberts' case based primarily on this court's holding in *Lewis*. The State responded that Roberts was ineligible for mandatory probation because he had previously had his probation revoked in an unrelated case. The district court agreed with the State that the imposition of probation was discretionary and sentenced Roberts to serve a prison term of 12 to 34 months to run concurrently with any sentences in other cases. Roberts filed this timely appeal.

## DISCUSSION

Generally, a defendant convicted of a category E felony, including first-offense possession of a controlled substance, is entitled to probation.[3] However, probation is discretionary, rather than mandatory, where at sentencing it is established that at the time of the commission of the crime, the defendant: (1) was serving a term of probation or was on parole for a felony conviction, (2) had previously had a grant of probation or parole revoked for a felony conviction, (3) had previously failed to successfully complete an assigned treatment program pursuant to NRS 453.580, or (4) had two prior felony convictions.[4]

---

(2) Had previously had his probation or parole revoked, whether in this state or elsewhere, for a felony conviction;

(3) Had previously been assigned to a program of treatment and rehabilitation pursuant to NRS 453.580 and failed to successfully complete that program; or

(4) Had previously been two times convicted, whether in this state or elsewhere, of a crime that under the laws of the situs of the crime or of this state would amount to a felony.

[2]109 Nev. 1013, 862 P.2d 1194 (1993).

[3]NRS 176A.100(1)(b).

[4]*Id.*

Roberts contends that he was entitled to mandatory probation because the State failed to allege in the charging document that probation was discretionary under NRS 176A.100(1)(b).[5] More specifically, citing to *Lewis,* Roberts argues that he was entitled to formal notice in the charging document that probation was not mandatory because discretionary probation is a sentencing enhancement under NRS 453.336. We conclude that Roberts' contention lacks merit.

In *Lewis,* this court held that, where the State seeks a sentencing enhancement for a simple possession conviction under NRS 453.336(2), the State must give the defendant formal notice by alleging the prior convictions in the charging document.[6] In so holding, this court reasoned that the Legislature had no rational basis for excluding persons charged with simple possession from the statutory formal notice requirement set forth in NRS 453.348[7] because, like persons charged with more serious controlled substance offenses, persons charged with simple possession were subject to a sentencing enhancement for prior convictions involving controlled substances.[8] ''A sentencing enhancement is . . . an additional penalty for the primary offense.''[9] The sentence for simple possession, which is normally a category E felony, is enhanced to a category D felony if the State alleges the prior controlled substance convictions in the charging document and the State proves the existence of those convictions prior to sentencing.[10]

In this case, Roberts did not receive a sentence enhancement under NRS 453.336. Unlike the defendant in *Lewis* who was sentenced to 10 years in prison for third-offense possession of a controlled substance, Roberts was sentenced for first-offense posses-

---

[5]Probation was discretionary in Roberts' case because he previously had a grant of probation revoked in an unrelated felony case.

[6]109 Nev. at 1014-15, 862 P.2d at 1195.

[7]NRS 453.348 provides, in relevant part, that:

In any proceeding brought under NRS 453.316, 453.321, 453.322, 453.333, 453.334, 453.337, 453.338 or 453.401, any previous convictions of the offender for a felony relating to controlled substances must be alleged in the indictment or information charging the primary offense . . . . If the offender pleads guilty to or is convicted of the primary offense but denies any previous conviction charged, the court shall determine the issue after hearing all relevant evidence. A certified copy of a conviction of a felony is prima facie evidence of the conviction.

[8]*Lewis,* 109 Nev. at 1014-15, 862 P.2d at 1194-95.

[9]*Domingues v. State,* 112 Nev. 683, 692, 917 P.2d 1364, 1371 (1996); *see also Apprendi v. New Jersey,* 530 U.S. 466, 476 (2000).

[10]*See* NRS 453.336(2); *Lewis,* 109 Nev. at 1014-15, 862 P.2d at 1194-95; *see also Hudson v. Warden,* 117 Nev. 387, 394-95, 22 P.3d 1154, 1159 (2001) (discussing burden of proving prior convictions to enhance a sentence under NRS 453.336).

sion of a controlled substance, a category E felony.[11] Although in Roberts' case probation was discretionary because one of the exceptions set forth in NRS 176A.100(1)(b) applied, we disagree that the application of that statute is the equivalent of a sentencing enhancement. NRS 176A.100(1)(b) does not increase the maximum potential sentence for simple possession, but instead merely sets forth guidelines for the district court with regard to the suspension of execution of the actual sentence imposed. Accordingly, we conclude that the State is not required to allege circumstances that would render probation discretionary in the charging document. Moreover, because it is undisputed that Roberts had previously had a grant of probation revoked, the district court acted within its discretion in refusing to suspend execution of the sentence imposed. Accordingly, we affirm the judgment of conviction.

---

[11]*See* NRS 453.336(2)(a); NRS 193.130(2)(e).