**2013 UT App 144**

# THE UTAH COURT OF APPEALS

FARMINGTON CITY,
Plaintiff and Appellee,

*v.*

WADE LAKE,
Defendant and Appellant.

Per Curiam Decision
No. 20130325-CA
Filed June 6, 2013

Second District, Farmington Department
The Honorable David R. Hamilton
No. 125700041

Wade Lake, Appellant Pro Se
Troy S. Rawlings and J. Craig Bott, Attorneys for
Appellee

Before JUDGES ORME, ROTH, and CHRISTIANSEN.

PER CURIAM:

¶1     Wade Lake appeals his conviction of driving without a valid driver license, an infraction, following a trial de novo in the district court on appeal from a conviction originating in the Davis County Justice Court. This case is before the court on a sua sponte motion for summary disposition.

¶2     When a case originates in a justice court, a defendant may appeal the judgment and conviction from the justice court and obtain a trial de novo in the district court. *See* Utah Code Ann. § 78A-7-118(1) (LexisNexis 2012) (providing that a defendant is entitled to a trial de novo in district court if the defendant files a notice of appeal within thirty days after sentencing by the justice

court). Utah Code section 78A-7-118(8) states, "The decision of the district court [following a trial de novo] is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.* § 78A-7-118(8). By enacting section 78A-7-118(8), "the Utah Legislature . . . specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson,* 966 P.2d 273, 276 (Utah Ct. App. 1998). Accordingly, "absent an issue regarding the constitutionality of a statute or ordinance, the decision of the district court is final and this court has no jurisdiction to hear an appeal thereof." *Id.* at 277– 78. Our "appellate jurisdiction is limited to only those issues attacking the validity or constitutionality of an ordinance or statute." *Id.* at 277.

¶3    In this appeal, our jurisdiction is limited by section 78A-7-118(8) to a review of any district court ruling on the constitutionality of a statute or ordinance. At the conclusion of the trial de novo, the district court ruled "[t]hat the [driver license] statute in itself is not offensive to the Constitution." The district court also determined "that there is nothing offensive to the constitution that occurred in terms of the facts nor the involved statute." Farmington City concedes that the district court ruled on the constitutionality of the driver license statute in response to arguments raised by Lake. *See generally* Utah Code Ann. § 53-3-202(1)(a) (LexisNexis 2010) ("A person may not drive a motor vehicle on a highway in this state unless the person is granted the privilege to operate a motor vehicle by being licensed as a driver . . . under this chapter."). Accordingly, while we have no jurisdiction over other claims Lake raised, we have jurisdiction to consider Lake's argument that the right to travel upon public highways cannot be restricted by a state statute requiring a driver license.

¶4    This argument has been repeatedly rejected and does not merit plenary consideration. *See, e.g., Wisden v. Salina City,* 709 P.2d 371, 372 (Utah 1985) (per curiam) (stating all persons are subject to state regulation of use of motor vehicles); *see also State v. Stevens,* 718 P.2d 398, 399 (Utah 1986) (per curiam) (stating state regulation

of the use of motor vehicles does not violate constitutional rights). Lake's challenge to the State's constitutional authority to enact and enforce traffic laws is without merit. Even case law principally relied upon by Lake recognizes that the right to travel on public highways may be regulated by the state. *See Thompson v. Smith*, 154 S.E. 579, 583 (Va. 1930).

¶5     Affirmed.

————