# WALTER LEWIS SCHMIDT, Appellant, v. THE STATE OF NEVADA, Respondent.

## No. 10069

September 29, 1978                          584 P.2d 695

*Horace R. Goff,* Nevada State Public Defender, and *J. Thomas Susich,* Chief Deputy State Public Defender, Carson City,for Appellant.

*Larry G. Bettis,* District Attorney, and *John S. Hill,* Deputy District Attorney, Mineral County, for Respondent.

## OPINION

*Per Curiam:*

Walter Lewis Schmidt was charged with the crime of indecent or obscene exposure in violation of NRS 201.220, a felony as defined by NRS 201.220(1)(b). His initial plea of not guilty was withdrawn in order to avoid an amended information charging habitual criminality. After entering a plea of nolo contendere, Schmidt was adjudged guilty of the crime alleged and was sentenced to a term of six years in the Nevada State Prison.

Reversal of this judgment and sentence is now urged upon due process and cruel and unusual punishment principles. Nonetheless, for reasons stated below, we conclude that the decision of the district court must be affirmed.

1. Appellant maintains that the prosecutor's intention to amend the criminal information so as to include a charge of habitual criminality in the event it became necessary to proceed to trial amounted to a denial of due process. This conclusion is based on the premise that the appellant was improperly coerced into changing his plea to nolo contendere, thereby forfeiting his right to a jury trial.

In actuality, we construe the prosecutor's conduct as merely presenting the appellant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution. Such a mode of behavior cannot be viewed as violating the due process clause of the fourteenth amendment. Bordenkircher v. Hayes, 434 U.S. 357, 54 L.Ed. 2d 604

(1978). This court has similarly held that a defendant's desire to plead guilty to an original charge in order to avoid the threat of the habitual criminal statute will not give rise to a claim of coercion. Whitman v. Warden, 90 Nev. 434, 529 P.2d 792 (1974); Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970).

It also is alleged by appellant that the prosecution was fully aware of his prior felony convictions, yet nevertheless elected to refrain from including the charge of habitual criminality initially. Under these circumstances, appellant claims that the prosecution's subsequent plan to procure an information charging habitual criminality likewise is prohibited by due process considerations. Even assuming the correctness of appellant's allegation arguendo, we perceive no reason for deviating from the reasoning set forth in *Bordenkircher, supra,* wherein the Supreme Court indicated that although the prosecution possessed evidence justifying a recidivist charge at the time of the original indictment, these facts were immaterial and failed to violate due process.

Appellant finally attempts to bring this case within the purview of Blackledge v. Perry, 417 U.S. 21 (1974), and North Carolina v. Pearce, 395 U.S. 711 (1969), decisions proscribing prosecutorial vindictiveness or retaliation. Yet, these cases were appropriately distinguished in *Bordenkircher* as follows:

> In those cases the Court was dealing with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction—a situation 'very different from the give-and-take negotiation common in plea bargaining between the prosecution and the defense, which arguably possess relatively equal bargaining power.' Parker v. North Carolina, 397 U.S. 790, 809, 25 L.Ed.2d 785, 90 S.Ct. 1458 (opinion of Brennan, J.).

54 L. Ed.2d at 610. A review of the record reveals that appellant's change of plea was in fact the result of plea negotiations between his attorney of record and the prosecution. Thus, the assertion of improper prosecutorial vindictiveness as enunciated in the *Blackledge* and *Pearce* cases fails under the *Bordenkircher* rationale.

2. NRS 201.220(1)(b) provides for a sentence of not less than one year nor more than six years for repeated indecent exposures. Appellant challenges the sentence of six years imprisonment as unconstitutionally cruel and unusual in contravention of the eighth amendment to the United States Constitution and article 1, section 6 of the Nevada Constitution. It is further

proposed by appellant that his offense was the manifestation of a mental illness and that a six-year sentence would be no more effective for penal purposes than a less severe one.

It is worthy to note in this regard that the legislature, within constitutional limits, is empowered to define crimes and determine punishments, and the courts are not to encroach upon that domain lightly. Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972). Further, there is a general presumption favoring the validity of statutes which dictates a recognition of their constitutionality unless a violation of constitutional principles is clearly apparent. State ex rel. Tidvall v. District Court, 91 Nev. 520, 539 P.2d 456 (1975); Cummings v. City of Las Vegas, 88 Nev. 479, 499 P.2d 650 (1972); City of Las Vegas v. Ackerman, 85 Nev. 493, 457 P.2d 525 (1969). Thus, it is frequently stated that a sentence of imprisonment which is within the limits of a valid statute, regardless of its severity, is normally not considered cruel and unusual punishment in the constitutional sense. United States v. Johnson, 507 F.2d 826 (7th Cir. 1974), *cert. den.* 421 U.S. 949 (1975); People v. Dudley, 263 N.E.2d 1 (Ill. 1970), *cert. den.* 402 U.S. 910 (1971). *Accord,* Anderson v. State, 92 Nev. 21, 544 P.2d 1200 (1976).

Although a punishment may be constitutionally impermissible if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, In Re Lynch, 503 P.2d 921 (Cal. 1972), we are unable to characterize the penalty in issue as manifestly disproportionate to the seriousness of the offense or an affront to human dignity. Accordingly, appellant's sentence of six years imprisonment cannot be interpreted as cruel or unusual punishment prohibited by the federal and state constitutions. *See* West v. State, 511 S.W.2d 502 (Tex.Crim. 1974); Pineda v. State, 252 S.W.2d 177 (Tex.Crim. 1952).

Appellant relies on the case of Maatallah v. Warden, 86 Nev. 430, 470 P.2d 122 (1970), for the proposition that imprisonment for mental illness may be cruel and unusual punishment. However, *Maatallah* dealt with a defendant who had been found insane and unable to stand trial. Unconvicted of any crime, Maatallah was eventually transferred to the Nevada State Prison. In that case this court merely held that the defendant's contention that he was not receiving treatment at the prison and was confined there as a criminal without having been convicted, required an evidentiary hearing in the district court.

In the case at bar, appellant never contended to be mentally

insane or incompetent to stand trial. Consequently, his reliance on *Maatallah* is misplaced.

Therefore, in conclusion, we hold that appellant has not been denied due process of law for the reason that his nolo contendere plea was the product of plea negotiations and an effort to avoid the charge of habitual criminality. Additionally, his six-year sentence does not constitute cruel or unusual punishment for it neither shocks the conscience nor is disproportionate to the offense involved.

Affirmed.