## OLIVIA DEVEROUX, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10783

April 30, 1980                                    610 P.2d 722

*Michael Kennedy,* San Francisco, CA, and *Kermitt L. Waters,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Ira H. Hecht,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was tried by a jury, convicted of grand larceny, a felony under NRS 205.220, and sentenced to a term of eight years in the Nevada State Prison. She appeals, contending that numerous instances of error compel reversal or, in the alternative, vacation of her sentence. Finding no error, we affirm the conviction and sentence.

1. Appellant first submits that an ex parte communication to the district court prior to sentencing violated the spirit of NRS 176.156[1] and deprived her of the right to confront witnesses. This communication was in the form of an unsolicited letter sent by two vice officers of the Las Vegas Metropolitan Police, which described appellant as one of the "top five trick

---

[1]NRS 176.156, in pertinent part, reads as follows:

"1. The court shall disclose . . . the factual content of the report of the presentence investigation . . . and afford an opportunity to each party to comment thereon. . . ."

roll artists in Clark County.'' Appellant is correct when she submits that the contents of this letter were inappropriate for review by the district court at the sentencing procedure. Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976). Nevertheless, the record herein reveals no error. The district judge correctly refused to take the letter's contents into consideration. Unless the record reveals prejudice resulting from the introduction of objectionable material, we will not interfere with the sentence imposed. *Id.* at 94, 545 P.2d at 1161. No such prejudice appears here.

Appellant's contention that the spirit of NRS 176.156 was violated is without merit since that statute is inapplicable. That statute's requirements of disclosure and opportunity to comment relate to the factual content of the presentence investigation report, not to a document denied consideration in the sentencing procedure.

2. Appellant contends that the penalty provision of NRS 205.220[2] is unconstitutional on its face as disproportionate to the gravity of the offense. She further argues that her sentence is both cruel and unusual due to her youth and the fact that this was her first offense.

The legislature is empowered to define crimes and determine punishments and we do not encroach upon that domain lightly. Sheriff v. Williams, 96 Nev. 22, 604 P.2d 800 (1980). We do not believe the maximum sentence under the statute is so disproportionate to the offense that it is unconstitutional. *See* Rummel v. Estelle, 445 U.S. 265, 48 U.S.L.W. 4261 (1980); Schmidt v. State, 94 Nev. 665, 584 P.2d 695 (1978). Furthermore, the trial judge has wide discretion in imposing a prison term and, in the absence of a showing of abuse of such discretion, we will not disturb the sentence. State v. Sala, 63 Nev. 270, 169 P.2d 524 (1946). The degree to which a judge considers age and the absence of a prior record of offenses is within his discretionary authority. We see no abuse herein.

3. Appellant made a pretrial motion in limine ''for an

---

[2]At all times pertinent to this appeal NRS 205.220 provided that upon conviction of grand larceny the defendant shall be sentenced to a term of not less than one year nor more than 10 years and may be further punished by a fine not to exceed $5,000. 1969 Nev. Stats. ch. 305, § 1, at 531. This statute was amended in 1979 to increase the allowable fine to $10,000. 1979 Nev. Stats. ch. 655, § 79, at 1444.

Order instructing the prosecuting attorney and all witnesses testifying in this action to refrain absolutely from making any direct or indirect reference whatsoever pertaining to crimes or offenses other than those currently before the Court.'' The motion was granted, ''unless by circumstances that develop in the trial, it becomes proper and probative for rebuttal.'' Olivia now contends that it was reversible error for the trial judge to withhold a ruling on the admissibility of these arrests on rebuttal and argues that her counsel's failure to press for a definite ruling regarding the motion was tantamount to ineffective counsel. This contention is meritless. As correctly stated in appellant's own motion in limine:

> If a motion in limine is granted the court in its ruling should provide and advise counsel such ruling is without prejudice to the right to offer proof during the course of the trial, in the jury's absence, of those matters covered in the motion and if it then appears in the light of the trial record that the evidence is relevant, material and competent it may then be introduced, subject to opposing counsel's objections, as part of the record of evidence for the jury's consideration.

Twyford v. Weber, 220 N.W.2d 919, 923 (Iowa 1974).

4.  Appellant next contends that there was insufficient evidence to convict her, arguing that such evidence was largely circumstantial. We have, however, held that circumstantial evidence alone may sustain a conviction; Crawford v. State, 92 Nev. 456, 552 P.2d 1378 (1976), and we find the record sufficient to support the conviction.

5.  Finally, appellant argues that the court erred in refusing to give an instruction, *sua sponte,* regarding circumstantial evidence.[3] We have previously considered such an instruction and

---

[3]It is appellant's contention that the following instruction should have been given the jury:

"You are not permitted to find the defendant guilty of the crime charged against [her] based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion. Each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt."

"Also, if the circumstantial evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to [her] innocence, it is your duty to adopt that interpretation which points to the defendant's innocence, and reject that which points to [her] guilt. If, on the

have ruled that it is not error to refuse to give the instruction if the jury is properly instructed regarding reasonable doubt. Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976). The jury was so instructed here.

The conviction is affirmed.

---

other hand, one interpretation of such evidence appears to you to be reasonable and the other interpretation to be unreasonable, it would be your duty to accept the reasonable interpretation and to reject the unreasonable.''