An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON LANG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66324

**FILED**

JUN 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, for burglary and possession of stolen property. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Jason Lang argues that the district court committed reversible error and denied him due process by not allowing his entire recorded statement to a detective to come into evidence pursuant to the "rule of completeness" under NRS 47.120. NRS 47.120(1) provides that "[w]hen any part of a writing or recorded statement is introduced by a party, the party may be required at that time to introduce any other part of it which is relevant to the part introduced, and any party may introduce any other relevant parts." This rule "'is limited to writings and recorded statements and does not apply to conversations.'" *Patterson v. State*, 111 Nev. 1525, 1531, 907 P.2d 984, 988 (1995) (quoting the advisory committee's note to Fed. R. Evid. 106—the federal counterpart of NRS 47.120).

We conclude that NRS 47.120's "rule of completeness" was not implicated in this case because the State did not introduce a "writing or recorded statement" at trial. Rather, the State presented Lang's out-of-court statements by questioning the detective as to what Lang told him

SUPREME COURT
OF
NEVADA

(O) 1947A

15-17720

during the interview, without reference to the recorded statement. *See id.*; *United State v. Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014); *United States v. Ramirez-Perez*, 166 F.3d 1106, 1112-13 (11th Cir. 1999). Furthermore, even if the rule of completeness did apply, Lang has failed to demonstrate that the statements proffered by the State were misleading or taken out of context. *See United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (stating that the purpose of the rule of completeness is to "avert misunderstanding or distortion caused by introduction of only part of a document" (internal quotation marks omitted)). Thus, we conclude that the district court did not abuse its discretion in refusing to admit portions of Lang's interview. *See Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 286 (2004) (reviewing decisions to exclude evidence for abuse of discretion).

Next, Lang contends that the evidence adduced at trial was insufficient to support the convictions because the evidence did not show that he was aware that the property was stolen. After reviewing the evidence in the light most favorable to the prosecution, we conclude that any rational juror would have found all of elements of the offenses beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992); NRS 205.060(1); NRS 205.275(1). The evidence at trial showed that within four hours after a burglary of a home, Lang entered a pawnshop and pawned some of the property that was stolen from the home, specifically a Nintendo Wii system, two single diamond earrings, and one pair of gold earrings. Lang told police that he had pawned the property for a friend but could not remember who the friend was. We conclude that a rational juror could reasonably infer from the evidence that Lang knew or should

have known that the property was stolen when he entered the pawnshop. *Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722, 724 (1980) ("[C]ircumstantial evidence alone may sustain a conviction."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Douglas W. Herndon, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk