# IN THE SUPREME COURT OF THE STATE OF NEVADA

NYROME COLLIER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68326

**FILED**

FEB 2 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ‹S.Young›
DEPUTY CLERK

## ORDER AFFIRMING AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of coercion. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. We review a district court's sentencing determination for an abuse of discretion, *Norwood v. State*, 112 Nev. 438, 440, 915 P.2d 277, 278 (1996), and must determine whether the district court's consideration of post-plea conduct and failure to order an updated presentence investigation report constitute an abuse of discretion. We affirm the judgment of conviction but remand for the district court to order an updated presentence investigation report (PSI).

On June 28, 2010, appellant Nyrome Collier, was charged with the following: count 1, first-degree kidnapping; count 2, robbery; count 3, coercion; count 4, burglary, and counts 5-7, battery constituting domestic violence. Collier waived his right to a preliminary hearing and pleaded guilty in justice court to one count of misdemeanor battery constituting domestic violence, into which counts 5, 6, and 7 were merged. On July 22, 2010, Collier pleaded guilty in district court to felony coercion. Pursuant to the terms of the plea agreement, Collier's sentence for felony

SUPREME COURT
OF
NEVADA

(O) 1947A

16-06124

coercion was to run concurrent to the misdemeanor battery constituting domestic violence charge. All remaining counts were dismissed.

On August 9, 2010, over the State's objection, Collier was released on his own recognizance pending sentencing. A presentence investigation report (PSI) was prepared, dated September 21, 2010. Collier failed to appear for his sentencing hearing and a bench warrant issued on October 8, 2010. On March 18, 2011, Collier was arrested in Phoenix, Arizona, for a series of drug offenses to which he pleaded guilty and received probation. While on probation in Arizona, Collier committed various theft offenses. He pleaded guilty to first-degree burglary in Arizona, and served four years in prison there.

On May 20, 2015, Collier appeared in the Eighth Judicial District Court of Nevada on a bench warrant return. Both sides requested a new PSI. The district court declined to order one. On June 1, 2015, the district court convicted Collier of coercion and sentenced him to 24-60 months in prison.

The United States and Nevada Constitutions prohibit the imposition of cruel and unusual punishment. U.S. Const. amend. VIII; Nev. Const. art 1, § 6. Collier appears to argue that the district court violated this constitutional right, but does not explain how. "A sentence of imprisonment which is within the limits of a valid statute, regardless of its severity, is normally not considered cruel and unusual punishment in the constitutional sense." *Schmidt v. State*, 94 Nev. 665, 668, 584 P.2d 695, 697 (1978). Here, the sentencing range on the coercion felony charge was 12-72 months. NRS 207.190(2)(a). Collier received a sentence of 24-60 months. Therefore, Collier's sentence did not amount to cruel and unusual punishment.

Collier argues that the district court abused its discretion in considering his Arizona crimes as exacerbating factors at sentencing. In his view, a sentencing court cannot consider post-plea conduct; the "sentence must be imposed on the basis of the conduct *charged*, not other conduct." Yet, Collier simultaneously argues that the district court abused its discretion in not considering his four-year prison sentence in Arizona as mitigation evidence. In his words, the district court "should not have imposed *more* time as a result of the appellant's absence from Nevada during his Arizona custodial term: It should have minimized the sentence in this case in light of the fact the appellant had already spent several years in a correctional facility."

Of note, Collier fails to show how the Arizona crimes and prison sentence factored into the district court's sentencing decision, if they did. Collier received less than the maximum sentence; thus, the district court may have mitigated Collier's sentence in light of the time he spent in Arizona prison. And, even if the district court considered the Arizona crimes as exacerbating factors, "other criminal conduct may properly be considered [at sentencing], even though the defendant was never charged with it or convicted of it." *United States v. Weston*, 448 F.2d 626, 633 (9th Cir. 1971). So "long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Collier does not plausibly argue that the district court considered information founded on facts supported by impalpable or highly suspect evidence.

In regard to mitigation, the district court need only consider the evidence and is not required to minimize the sentence. *See Wilson v. State*, 105 Nev. 110, 115, 771 P.2d 583, 586 (1989) ("A sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence."). Here, the district court permitted Collier to present mitigation evidence at the sentencing hearing and Collier argued for a lesser sentence in light of the four years he spent in prison in Arizona. No abuse of discretion appears.

Next, Collier argues that if the district court did not abuse its discretion in considering/not considering the Arizona crimes at sentencing, then it should have obtained more information about those crimes through an updated PSI.[1] NRS 176.135(3) permits a district court to use a PSI that was prepared "within the 5 years immediately preceding the date *initially* set for sentencing on the most recent offense" (emphasis added). This was satisfied here as a PSI was completed on September 21, 2010, after Collier entered his guilty plea and the initial sentencing date was

---

[1]Citing NRS 176.145(1)(b), Collier argued that the district court should have ordered the updated PSI because it would have contained more information about the circumstances of his prior crimes. However, this is not clear from NRS 176.145(1)(b), which states that a PSI must contain, among other things, "[i]nformation concerning the characteristics of the defendant, the defendant's financial condition, the circumstances affecting the defendant's behavior and the circumstances of the defendant's offense that may be helpful in imposing sentence, in granting probation or in the correctional treatment of the defendant." By its terms, the provision applies to the offense for which the defendant is being sentenced. NRS 176.145(1)(a) states that the PSI must have the defendant's prior criminal record, but does not provide that it must have the same level of detail about the defendant's prior crimes as his subject offense.

September 29, 2010, which was deferred when Collier failed to appear. Additionally, the PSI was also prepared within 5 years of the date he was actually sentenced, June 1, 2015.

NRS 176.145(1)(a) provides that a PSI "must contain . . . [a]ny prior criminal record of the defendant." The dissent argues that the crimes committed in Arizona constituted a "prior criminal record" that was required to be included in Collier's PSI by NRS 176.145(1)(a) but we disagree. The phrase "prior criminal record of the defendant" necessarily is as of the date of the PSI, not the date of the sentencing. So read, NRS 176.145(1)(a) offers Collier no support.

The fact remains, though, that both the State and the defense asked the district court to order an updated PSI and it refused. As we made clear in *Stockmeier v. State, Bd. Of Parole Comm'rs*, 127 Nev., Adv. Op. 19, 255 P.3d 209, 214 (2011), it is essential that a PSI be accurate because "any significant inaccuracy could follow a defendant into the prison system and be used to determine his classification, placement in certain programs, and eligibility for parole." Given that both sides requested that the PSI be updated, and despite that it was not strictly required by the PSI statutes, we therefore conclude it was an abuse of discretion for the district court not to order an updated PSI on the unique facts presented here. This is especially true considering that Nevada does not "provide any administrative or judicial scheme for amending a PSI after the defendant is sentenced," and thus, any objections to the PSI "must be resolved prior to sentencing, and, if not resolved in the defendant's favor, the objections must be raised on direct appeal." *Id.* at 213-14. Without remanding to the district court, there is no way for the Arizona crimes to appear on Collier's PSI.

However, Collier has not provided this court with any reason to reopen his sentencing. *See id.* at 214 n.6 ("[T]his court generally will not grant relief to a defendant with regard to an alleged factual inaccuracy in the PSI that did not affect the defendant's sentence."). Here, the evidence of the Arizona crimes consisted of uncertified judgments of convictions from Arizona and Collier's comments regarding the circumstances of those crimes. Collier does not argue that this was impalpable or highly suspect evidence of his Arizona crimes. Further, Collier has not explained what it was about his Arizona crimes the district court did not consider. While updating Collier's PSI is important for his future interactions with the penal system, Collier has not shown that he was prejudiced by the district court's consideration of impalpable or highly suspect evidence or its failure to order an updated PSI. Therefore, we will not disturb the district court's sentence.[2]

Finally, Collier argues that his guilty plea was entered into under duress and coercion. However, "a post-conviction petition for a writ of habeas corpus provides the exclusive remedy for a challenge to the validity of the guilty plea made after sentencing for persons in custody on the conviction being challenged." *Harris v. State*, 130 Nev., Adv. Op. 47, 329 P.3d 619, 628 (2014). Thus, this court will not address this argument.

---

[2]Our ordering of a new PSI on remand obviates Collier's additional argument, new-minted on appeal, *but see Diamond Enterprises, Inc. v Lau*, 113 Nev. 1376, 1379, 951 P.2d 73, 74 (1997) ("[i]t is well established that arguments raised for the first time on appeal need not be considered by this court"), that the failure to order a new PSI makes it impossible for him to be considered for parole within 24 months, making his punishment cruel and unusual. We also find no merit in his unsupported assertion that parole consideration would not occur after 24 months without an updated PSI.

Accordingly, we

ORDER the judgment of the district court AFFIRMED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

HARDESTY, J., dissenting:

I believe that the district court abused its discretion by failing to order a supplemental PSI for three reasons. First, NRS 176.145(1)(a) provides that PSIs "must contain . . . [a]ny prior criminal record of the defendant." The crimes committed in Arizona constituted a "prior criminal record" that was required to be included in Collier's PSI. Although NRS 176.135(3)(b) permits the district court to use a PSI that was created within five years of an initial sentencing date, I believe NRS 176.145(1)(a)'s mandatory requirement to include any prior criminal record compels an updated PSI, particularly where the sentencing judge is told of the existence of convictions after the initial PSI was prepared. Because Collier was convicted of criminal activity after the PSI was created, but before his sentencing hearing, NRS 176.145(1)(a) requires that the PSI be updated.[1]

Second, good cause exists for updating stale PSIs: they have continuing use in the criminal justice system after a sentencing hearing. For example, the Department of Corrections and the Parole Board use PSIs to classify inmates or make parole decisions. Therefore, it is important to the State and defendants that PSIs contain thorough, up-to-date information about an individual's criminal history.

Third, both the State and Collier requested an updated PSI that would include a discussion of the Arizona convictions. This was consistent with our decision in *Stockmeier v. State, Board of Parole*

---

[1]I recognize that Collier's failure to appear at the original sentencing hearing caused this delay, but if the sentencing judge is going to consider criminal behavior that occurs between the original date for sentencing and the sentencing hearing, the statute mandates an updated PSI.

*Commissioners*, 127 Nev. 243, 245, 255 P.3d 209, 211 (2011) ("[W]e conclude that any claimed inaccuracy in a PSI must be made to the district court at or before sentencing."). Instead of granting this request, the district court directed the State to file proof of the Arizona convictions, and the court considered these convictions in sentencing Collier. While Collier was allowed to comment on the circumstances surrounding the convictions, an updated PSI would have offered independent information about the convictions and his performance in the Arizona penal system during the four years of incarceration for those crimes. For these reasons, I respectfully dissent from my colleagues in the majority and would order a new sentencing hearing following the production of an updated PSI. Without the amended PSI, the majority's assessment of the sentencing judge's discretion in this case is speculative.

_____, J.
Hardesty