IN THE SUPREME COURT OF THE STATE OF NEVADA

JESSE BAILEY, IV,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82111

FILED

FEB 24 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Jesse Bailey argues that (1) insufficient evidence supports his second-degree murder conviction, (2) the district court erred by rejecting his proposed instructions on witness credibility and circumstantial evidence, (3) the district court abused its discretion by denying his motion to substitute counsel, (4) the district court erred by denying his motion to suppress evidence of the gun found in his locked backpack, (5) the district court abused its discretion by admitting evidence of a .22-caliber shell casing, (6) the district court plainly erred by instructing the jury on confessions, (7) the district court plainly erred by issuing a pretrial order that had a chilling effect on supplemental voir dire, (8) the district court's decision to grant the State's request for a continuance violated his speedy-trial rights, (9) his sentence violates the Eighth Amendment as cruel and unusual punishment, and (10) cumulative error warrants reversal. We disagree and affirm the judgment of conviction.

22-06106

First, Bailey argues that insufficient evidence supports his second-degree murder conviction because the State failed to prove malice and relied on circumstantial evidence. In reviewing the sufficiency of the evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (internal quotation marks omitted). This court does not reweigh evidence or reassess the credibility of witnesses, *id.*, and "circumstantial evidence alone may sustain a conviction," *Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722, 724 (1980). Second-degree murder "requires a finding of implied malice without premeditation and deliberation." *Desai v. State*, 133 Nev. 339, 347, 398 P.3d 889, 895 (2017); *see also* NRS 200.030(2). "Malice shall be implied when . . . the circumstances of the killing show an abandoned and malignant heart." NRS 200.020(2). We have explained that an abandoned and malignant heart exists "when a killer acts with a reckless disregard for human life." *Byford v. State*, 116 Nev. 215, 234, 994 P.2d 700, 713 (2000).

The State presented evidence showing (1) Andrea Faulkner was fatally shot in the head by another person, (2) a .22-caliber expended cartridge with a "C" stamp found at the crime scene was fired by the pistol that Bailey bought and possessed, (3) Bailey bought and possessed .22-caliber ammunition with a "C" stamp, and (4) Bailey—like the person captured in security footage near the vicinity of the killing at roughly the same time—was male, had a ponytail, and had similar clothing and a lanyard. Viewing this evidence in the light most favorable to the State, a rational juror could have found implied malice because shooting someone in the head with a gun shows a reckless disregard for human life that amounts

to an abandoned and malignant heart.[1] Thus, we conclude Bailey's conviction of second-degree murder is supported by sufficient evidence.[2]

Insofar as Bailey argues that the State failed to present sufficient evidence to identify him as the killer, we disagree. As we discussed, the State presented security footage of Bailey near the crime scene at roughly the same time of the killing. Crucially, officers also found an expended .22-caliber shell cartridge at the crime scene that matched the ammunition that was found in Bailey's possession. Viewing this evidence in the light most favorable to the State, a rational juror could have concluded that Bailey was present at the crime scene at the time Faulkner was murdered. *Cf. Newman v. Metrish*, 543 F.3d 793, 797 (6th Cir. 2008)

---

[1]Bailey also asserts that officers invaded the province of the jury by testifying that he was the person in the security footage. We are unpersuaded. Officers had a sufficient basis to identify Bailey as the suspect in the security footage given that they (1) interviewed him after viewing the footage and observed that he looked like the suspect, and (2) found clothing in his bedroom that matched the suspect's clothing. *See Rossana v. State*, 113 Nev. 375, 380, 934 P.2d 1045, 1048 (1997) ("Generally, a lay witness may testify regarding the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury." (internal quotation marks omitted)).

[2]Insofar as Bailey argues that circumstantial evidence is insufficient to support his conviction, we have held the opposite. *Deveroux*, 96 Nev. at 391, 610 P.2d at 724. Bailey also suggests that Melvin Wendell, a witness at trial, killed Faulkner because he was previously convicted of murder. However, "[w]here a defendant fails to present an argument below and the district court has not considered its merit, we will not consider it on appeal." *McKenna v. State*, 114 Nev. 1044, 1054, 968 P.2d 739, 746 (1998). Bailey fails to cite any portion of the record to show that this evidence was admitted at trial, and based on our review of the record, Bailey never argued below that Wendell killed Faulkner. Thus, this argument is meritless.

(concluding that circumstantial evidence was insufficient to support a conviction for murder because the prosecution presented no evidence placing the defendant at the scene of the crime). Thus, we reject this argument.[3]

Second, Bailey argues that the district court abused its discretion by rejecting his jury instructions on circumstantial evidence and witness credibility. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). A defendant is not entitled to any jury instruction that is "inaccurate or duplicitous." *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005). We conclude that the district court's instructions on witness credibility and circumstantial evidence were consistent with Nevada law, and Bailey sought duplicative instructions that were properly rejected.[4] Thus, the district court did not abuse its discretion.

---

[3]We recognize that Bailey's conviction is supported by circumstantial evidence and that no direct evidence proves that he killed Faulkner. Nonetheless, sufficiency-of-the-evidence review is a deferential standard of review that asks whether "*any* rational [juror] could have found the essential elements of the crime beyond a reasonable doubt." *McNair*, 108 Nev. at 56, 825 P.2d at 573 (internal quotation marks omitted). The evidence that was presented at trial, although circumstantial, was sufficient to sustain Bailey's conviction.

[4]We have considered and reject Bailey's remaining claims of instructional error. The district court gave separate instructions on circumstantial evidence and witness credibility which accommodated his theory of defense. His other claims were either improperly raised for the first time in his reply brief or not supported by Nevada law. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Third, Bailey argues that the district court abused its discretion by denying his motion for substitute counsel, which he made at the end of the State's case-in-chief during trial. This court reviews the denial of a motion to substitute appointed counsel for an abuse of discretion. *Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004). In this review, we consider "(1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion." *Id.* (internal quotation marks omitted). The timeliness factor balances the defendant's "right to counsel against the inconvenience and delay that would result from the substitution of counsel." *Id.* at 969-70, 102 P.3d at 577.

In light of our review of the *Young* factors, we conclude the district court did not abuse its discretion. First, the record shows that Bailey and his counsel disagreed over strategic decisions such as what evidence to present to the jury. *See Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 168 (2002) (stating that counsel may make strategic decisions "even in the face of his client's incomprehension or even explicit disapproval" (internal quotation marks omitted)). Second, the district court held a *Young* hearing to inquire into the conflict and determined that Bailey's disagreement with counsel pertained to strategic decisions. Third, and crucially, Bailey's motion was filed after the State already rested its case-in-chief with an *impaneled* jury; the inconvenience and delay that would have resulted from the substitution of counsel was substantial. *See Young*, 120 Nev. at 969-70, 102 P.3d at 577. As the district court found, substitution

of counsel would have required releasing the jury. For these reasons, we conclude that this argument is meritless.[5]

Fourth, Bailey argues that the district court erred by denying his motion to suppress the contents of his locked backpack. He contends that officers needed a separate search warrant to open the locked backpack found when executing a valid search warrant of his bedroom. Bailey claims that he had an expectation of privacy in his locked backpack. This court reviews the denial of a motion to suppress as a mixed question of law and fact. *State v. Beckman*, 129 Nev. 481, 485, 305 P.3d 912, 916 (2013). Findings of fact are reviewed for clear error, but the reasonableness of a search is reviewed de novo. *Id.* at 486, 305 P.3d at 916. The Supreme Court has explained, "a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open . . . containers in which the weapon might be found." *United States v. Ross*, 456 U.S. 798, 821 (1982).

Here, the parties agree on the facts: while executing a search warrant of Bailey's bedroom, officers found Bailey's locked backpack and, without obtaining a separate warrant, opened it using a key that was on top of the backpack. Inside the backpack, officers found a .22-caliber pistol. Thus, we review the reasonableness of the search de novo. Because the search warrant allowed officers to search Bailey's bedroom for weapons, officers did not need a separate warrant to search his locked backpack found

---

[5]Bailey concedes that he voluntarily withdrew a previous motion to substitute counsel. Insofar as Bailey argues that his previous motion shows an irreconcilable conflict with counsel requiring substitution during trial, we are unpersuaded, especially given that Bailey made his motion to substitute counsel near the end of trial. And although Bailey argues that his counsel coerced him not to testify, he stated on the record that it was his sole decision.

within his bedroom for those items. Bailey's briefs fail to address *Ross*—which the district court relied upon—and therefore we decline his invitation to address other nonbinding caselaw. Thus, the district court did not err by denying Bailey's motion to suppress.

Fifth, Bailey argues that the district court abused its discretion by admitting evidence of a .22-caliber expended cartridge that was found at the scene of the crime roughly five days after the killing and three days after the officers searched his bedroom. "[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "[R]elevant evidence is inadmissible 'if its probative value is substantially outweighed by the danger of unfair prejudice.'" *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 933, 267 P.3d 777, 781 (2011) (quoting NRS 48.035(1)). Unfair prejudice is "an appeal to the emotional and sympathetic tendencies of a jury," *id.* (internal quotation marks omitted), that leads the jury to find "guilt on a ground different from proof specific to the offense charged," *id.* at 934, 267 P.3d at 781 (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). The passage of time in discovering evidence "goes to [its] weight rather than the admissibility." *Bishop v. State*, 92 Nev. 510, 521, 554 P.2d 266, 273 (1976).

The district court did not abuse its discretion by finding that this evidence was admissible. Evidence of the expended cartridge found at the crime scene after police executed the search warrant in Bailey's bedroom was unlikely to appeal to the emotions or sympathies of the jury and tended to show that Bailey committed murder. Moreover, the district court correctly found that the jury should weigh the credibility of this

evidence after Bailey cross-examined officers regarding the five-day delay between the killing and the discovery of the expended cartridge.[6]

Sixth, Bailey argues that the district court plainly erred by instructing the jury on a defendant's voluntary statements even though Bailey never asked for this instruction. He contends that this instruction erroneously led the jury to conclude that he confessed to murder. For relief under plain-error review, Bailey must show "(1) there was an error; (2) the error is plain, meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (internal quotation marks omitted). We conclude that Bailey has not shown plain error because he cites no legal authority—other than the standard for plain-error review—to show that this instruction was improper.[7] *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987)

---

[6]Bailey also argues that officers were grossly negligent in their second search of the crime scene in which they discovered the expended cartridge, which mandates a new trial. Bailey did not raise this argument in the district court, so we review it for plain error. *See Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015) (stating that "all unpreserved errors are to be reviewed for plain error"). The authority Bailey relies upon for relief analyzes an officer's failure to gather potentially *exculpatory*—rather than inculpatory—evidence. *See Randolph v. State*, 117 Nev. 970, 987, 36 P.3d 424, 435 (2001). Because officers *did* gather the expended cartridge, the jury was responsible for determining whether the delay in discovering it affected its credibility. Thus, we conclude that Bailey's argument does not amount to plain error warranting reversal.

[7]Insofar as Bailey argues that the Second Judicial District Court erroneously gives this instruction in every case in which the defendant makes a statement to police, he did not include any information in the record for this court to verify this contention. And again, he cites no legal authority to show that such an instruction is erroneous.

(stating that an appellant has a duty to present legal authority in support of their arguments). Moreover, the instruction plainly stated that the jury could construe his statements as "confessions, admissions, or neither," and therefore we cannot conclude that this instruction led the jury to believe Bailey confessed to murder or otherwise affected his substantial rights.

Seventh, Bailey argues that the district court's pretrial order prescribing procedures for voir dire was erroneous and had a chilling effect on voir dire. Because Bailey stated on the record that he had no objections to the voir dire order, we review for plain error. Based on our review of the record, the district court's voir dire order did not amount to plain error. *See, e.g., Lamb v. State*, 127 Nev. 26, 37, 251 P.3d 700, 707-08 (2011) (holding that a district court does not abuse its discretion by prohibiting questions to indoctrinate); *Hogan v. State*, 103 Nev. 21, 23, 732 P.2d 422, 423 (1987) (holding that a district court does not abuse its discretion by prohibiting repetitive questions).

Bailey fails to demonstrate that the order caused prejudice or chilled voir dire. Counsel extensively questioned the venire. Bailey adds that venire members—who were not impaneled—demonstrated bias because they stated that they expected him to testify and should have been struck for cause. Bailey argues that either his counsel or the district court had a duty to instruct the venire that his decision not to testify could not be used as an inference of guilt. The record shows that counsel twice explained to jurors that they could not use his silence as an inference of guilt. Critically, counsel also stated on the record during the settling of jury instructions that he was not seeking an instruction that Bailey's decision not to testify could not be used as an inference of guilt. Thus, we conclude that Bailey's arguments challenging voir dire do not establish plain error.

Eighth, Bailey argues that his speedy-trial rights were violated because his trial occurred 37 days after NRS 174.511's 60-day deadline between arraignment and trial. He further argues that the delay allowed the State to gain more evidence to use against him, and that the district court abused its discretion by granting the State's request for a continuance. Insofar as Bailey argues that his speedy-trial rights were violated, we are unpersuaded. "[T]o trigger [a] speedy-trial analysis, the length of the delay must be presumptively prejudicial." *State v. Inzunza*, 135 Nev. 513, 516, 454 P.3d 727, 731 (2019). "A post-accusation delay meets this standard 'as it approaches one year.'" *Id.* (quoting *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)); *see also Byford*, 116 Nev. at 230, 994 P.2d at 711 ("Unless the delay is long enough to be presumptively prejudicial, inquiry into the other [speedy-trial] factors is not necessary."). Bailey's trial occurred 37 days after NRS 174.511's 60-day deadline, which does not come close to approaching one year. Because this delay was not presumptively prejudicial, we conclude that Bailey's speedy-trial rights were not violated.

To the extent that Bailey argues that the district court abused its discretion by granting the State's motion for a continuance, we disagree. "The decision to grant or deny trial continuances is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." *Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996). In the context of NRS 178.556, we have explained that the district court must dismiss an information if the State fails to meet its burden to show that there is good cause for the delay. *Anderson v. State*, 86 Nev. 829, 834, 477 P.2d 595, 598 (1970). Here, the State argued that it needed time to process evidence and that Bailey would need time to review thousands of pages of discovery. Defense counsel stated that the original trial date would

SUPREME COURT
OF
NEVADA

(O) 1947A

be "a very short period of time to prepare for a" murder trial but did not seek dismissal of the charges. Based on this record, and the fact that Bailey was facing a charge of open murder, we cannot conclude that the district court abused its discretion by concluding that there was good cause for the delay. Thus, we reject this argument.

Ninth, Bailey argues that his sentence violates the Eighth Amendment as cruel and unusual punishment because he has diabetes, mental health issues, and is unlikely to reoffend. "[A] sentence that is within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Harte v. State*, 132 Nev. 410, 415, 373 P.3d 98, 102 (2016) (internal quotation marks omitted). A second-degree murder sentence may be life with parole eligibility after 10 years. NRS 200.030(5)(a). The sentencing range for the deadly weapon enhancement is a consecutive 1 to 20 years. NRS 193.165(1). Bailey received a life sentence with possibility of parole beginning at 10 years for second-degree murder and a consecutive 7-year minimum to 20-year maximum sentence for the deadly weapon enhancement. Thus, Bailey's aggregate total sentence is 17 years to life. Bailey's sentence falls within the statutory limits for his conviction and is not unreasonably disproportionate to the offense of murder in the second degree with the use of a deadly weapon. Further, Bailey does not argue that the sentencing statutes are unconstitutional. Therefore, we conclude that Bailey's sentence does not violate the Eighth Amendment.

Insofar as Bailey argues that the district court abused its discretion by imposing a sentence that was unreasonable in light of the mitigating facts presented, we disagree. "The sentencing judge has wide

Supreme Court
OF
Nevada

(O) 1947A

11

discretion in imposing a sentence, and that determination will not be overruled absent a showing of abuse of discretion." *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). The district court considered the facts underlying the murder of Faulkner, as well as the mitigating facts presented by Bailey, and ultimately concluded that an aggregate sentence of 17-years to life was warranted. Given that this sentence is within the statutory limits, and that the district court considered the facts Bailey submitted in mitigation, we conclude that the district court did not abuse its discretion. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (stating that the relevant inquiry when reviewing for an abuse of discretion is not whether the appellate court would come to the same conclusion, but "whether the district court's decision was tenable" (internal quotation marks omitted)). Thus, this argument is meritless.

Tenth, Bailey argues that cumulative error warrants reversal. Because we have not found any meritorious claims of error, "there is nothing to cumulate." *Belcher v. State*, 136 Nev. 261, 279, 464 P.3d 1013, 1031 (2020). Therefore, Bailey's contention is without merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Silver

_____, J.          _____, J.
Cadish                                  Pickering

cc: Hon. David A. Hardy, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk